UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOLLY C. and NAOMI L.

        Plaintiffs,

- against -

OXFORD HEALTH INSURANCE, INC.

        Defendant.

**STIPULATED CONFIDENTIALITY
AGREEMENT
AND PROTECTIVE ORDER**

1:21-cv-10144-PGG

PAUL G. GARDEPHE, U.S.D.J.:

        WHEREAS, all the Parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

        WHEREAS, the Parties, through counsel, agree to the following terms; and

        WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

        IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

        1.      With respect to "Discovery Material" (<u>i.e.</u>, information of any kind produced or disclosed in the course of discovery or settlement discussions in this action) that a person has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (collectively "Designated Material") pursuant to this Order, no person subject to this Order may

disclose such Designated Material to anyone else except as this Order expressly permits.

        2.        The Party or person producing or disclosing Designated Material ("Producing Party") may designate as "Confidential" only the portion of such material that it reasonably and in good faith believes consists of:

        (a)        previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

        (b)        previously non-disclosed material relating to ownership or control of any non-public company;

        (c)        previously non-disclosed business plans, product-development information, or marketing plans;

        (d)        any information of a personal or intimate nature regarding any individual; or

        (e)        any other category of information this Court subsequently affords confidential status.

        3.        The Party or person producing or disclosing Designated Material ("Producing Party") may designate as "Highly Confidential – Attorneys' Eyes Only" only the portion of such material that it reasonably and in good faith believes consists of extremely sensitive information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

        4.        The Parties acknowledge that Designated Material may contain personal health information ("PHI") subject to the protections of the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated

pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). 45 C.F.R. § 164.512 permits disclosure of PHI in response to a discovery request or other lawful process if, among other requirements, the parties to the dispute have agreed to a qualified protective order and have presented it to the court with jurisdiction over the dispute. 45 C.F.R. § 164.512(e)(IV)(A).

      (a)    The parties agree that Defendants will redact individually identifiable information about the absent putative class members prior to producing PHI to the extent practicable, including the member names, addresses, dates of birth, social security numbers, and member or subscriber ID numbers. The parties recognize that the name of the members' health plan, the date(s) and location of treatment; and date(s) of benefit coverage determination(s) may be relevant to the parties' assessment of this case, and therefore agree that such information will not be redacted prior to production. In the event that those data constitute PHI, or in the event that any other PHI is disclosed within the unredacted portions of the Discovery Material, individual notice to the putative class members is deemed to be impractical and inadvisable and good cause for the order exists. The parties shall be allowed to disclose such information to the opposing party. To further protect such PHI, any disclosure of this information shall be designated as "Highly Confidential – Attorneys' Eyes Only" with the associated protections and restrictions set forth in this Stipulated Protective Order.

      5.    With respect to the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" portion of any Designated Material other than deposition transcripts and exhibits,

the Producing Party or its counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

6. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as "Confidential" or "Highly Confidential – Attorneys Eyes Only" either by: (a) indicating on the record during the deposition that a question calls for "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Highly Confidential – Attorneys' Eyes Only" or "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

7. If at any time before the trial of this action a Producing Party realizes that it should have designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

8. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

9. Where a Producing Party has designated Discovery Material as "Confidential," other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person a Party retains to serve as an expert witness or otherwise

5

                provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      (h)    stenographers engaged to transcribe depositions the Parties conduct in this action; and

      (i)    this Court, including any appellate court, its support personnel, and court reporters.

10. Where a Producing Party has designated Discovery Material as "Highly Confidential – Attorneys' Eyes Only," other persons subject to this Order may disclose such information only to the following persons:

      (a)    counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

      (b)    outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

      (c)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      (d)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

      (e)    any person a Party retains to serve as an expert witness to whom disclosure is reasonably necessary for this litigation, provided such person has first executed a Non-Disclosure Agreement in the form

annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(g) this Court, including any appellate court, its support personnel, and court reporters.

11. Before disclosing any Designated Material to any person referred to in subparagraphs 9(d), 9(f), 9(g), 10(c), or 10(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

12. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of the Designated Material, (c) inform the person(s) to whom unauthorized disclosures were made of the terms of this Order, and (d) request such person(s) execute the Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

13. In accordance with paragraph 2 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve

7

higher values and is narrowly tailored to serve that interest." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006).

14. The Court also retains discretion whether to afford confidential treatment to any Designated Material submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

15. In filing Designated Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Designated Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

16. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices.

17. Any Party who requests additional limits on disclosure may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with

paragraph 4(E) of this Court's Individual Practices.

19. Recipients of Designated Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

19. Nothing in this Order will prevent any Party from producing any Designated Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so. The Party receiving the subpoena or order must:

    (a)    within ten (10) business days of receipt of the subpoena, the Party must notify in writing the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Order; and,

    (b)    cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Designated Material may be affected. If the Producing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Designated Material before a determination by the court from which the subpoena

or order issued, unless the Party has obtained the Producing Party's permission.

20. Each person who has access to Designated Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

21. Within 60 days of the final disposition of this action – including all appeals – all recipients of Designated Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Designated Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Order.

22. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Designated Material is produced or disclosed.

23. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

*/s/ Sarah M. Gilbert*
Counsel for Defendant Oxford Health Insurance, Inc.

Dated: January 4, 2023

*/s/ Elizabeth Green*
Counsel for Plaintiffs

Dated: January 4, 2023


Dated: New York, New York
       January 4, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>MOLLY C. and NAOMI L.<br><br>       Plaintiffs,<br><br>- against -<br><br>OXFORD HEALTH INSURANCE, INC.<br><br>Defendant. | **NON-DISCLOSURE AGREEMENT**<br><br>1:21-cv-10144-PGG |

     I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential" or "Highly Confidential – Attorneys Eyes' Only." I agree that I will not disclose such Designated Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

                                                                                                                                                              _____

                                                                                                                                                              Dated: