# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOLLY C. AND NAOMI L. ON BEHALF
OF THEMSELVES AND ALL OTHERS
SIMILARLY SITUATED,

        Plaintiffs,

- against –

OXFORD HEALTH INSURANCE, INC.,
        Defendant.

**CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER**

1:21- CV-10144-PGG

PAUL G. GARDEPHE, U.S.D.J.:

After consultation with counsel for the parties, the Court adopts the following Civil
Case Management Plan and Scheduling Order, in accordance with Federal Rules of
Civil Procedure 16 and 26(f).

1.     All parties do not consent to conducting further proceedings before a
    Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).

2.     This case is not to be tried to a jury.

3.     No additional parties may be joined except with leave of the Court.  Except for
    good cause shown, any motion to join additional parties must be filed no later
    than November 2, 2022.

4.     A party may not amend its pleadings except with leave of the Court.  Except
    for good cause shown, any motion to amend pleadings must be filed no later
    than November 2, 2022.

5.     The parties must complete their initial disclosures under Federal Rule of Civil
    Procedure 26(a)(1) no later than June 1, 2023.

6.     First Fact Discovery Period – Class Certification Issues

        a.     All fact discovery relating to class certification issues must be
            completed by November 30, 2023.

b.   The parties must serve initial requests for production of documents by July 10, 2023.

c.   The parties must serve interrogatories by September 21, 2023.

d.   The parties must complete depositions by November 30, 2023.

    i.   Unless the parties agree or the Court so orders, the parties may not hold depositions until all parties have responded to initial requests for document production.

    ii.   There is no priority in deposition by reason of a party's status as plaintiff or defendant.

    iii.   Unless the parties agree or the Court so orders, non-party depositions must follow initial party depositions.

    iv.   Consistent with Federal Rule of Civil Procedure 30(d), the parties may not extend depositions beyond one business day without prior leave of the Court.

e.   The parties must serve requests to admit by October 5, 2023.

f.   If all parties consent in writing, they may extend the interim deadlines in Paragraphs 6(b) through 6(e) without application to the Court, provided that the parties complete the first fact discovery period by the date set forth in paragraph 6(a).

7.   First Expert Discovery Period – Class Certification Issues

a.   All expert discovery relating to class certification issues must be completed by February 12, 2024.

b.   Every party-proponent that intends to offer expert testimony on class certification must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by December 21, 2023. Every party-opponent of class certification that intends to offer expert testimony on class certification must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by January 18, 2024.

c.   No party may offer expert testimony – whether designated as "rebuttal" or otherwise – beyond the scope of the opinions that the aforesaid disclosures cover, except with leave of the Court, application for which must be made no later than 7 calendar days after the latter of the dates specified in paragraph 7(b). The parties may depose all experts, but such depositions must occur within the

time limit set forth for expert discovery in paragraph 7(a).

      d.      Plaintiff(s) anticipate expert testimony concerning the following issue(s): Oxford health plans; Oxford policy and procedures for claims and appeals regarding nutrition counseling; class issues of numerosity, commonality, typicality, adequacy of representation, predominance, superiority; number of denials; class size; value of the benefits at issue.

      e.      Defendant(s) anticipate expert testimony concerning the following issue(s): class certification issues, claims processing, and damages.

8.      No later than 14 days following the close of the first fact discovery period, all counsel must meet face-to- face for at least one hour to discuss settlement.

9.      Class Certification Briefing

      a.      Plaintiff's Motion for Class Certification shall be filed by March 8, 2024.

      b.      Opposition to the Motion for Class Certification shall be filed by April 12, 2024.

      c.      Reply in support of Motion for Class Certification shall be filed by May 10, 2024.

10.      The parties will submit a Further Case Management Plan, including deadlines for the Second Fact Discovery Period and Second Expert Discovery Period regarding merits issues, no later than 30 days from the Court's decision on the Plaintiffs' Motion for Class Certification. The issues to be discovered in the Second Fact Discovery Period shall not be duplicative of those covered in the First Fact Discovery Period.

11.      Where the parties resolve the case before the entry of judgment, they must submit a stipulation of discontinuance – signed by all parties – before the Court will remove the case from the trial calendar. If the parties settle within 48 hours of trial or the filing of a dispositive motion, they <u>must</u> immediately notify the Court of such settlement, and fax to the Court no less than 36 hours before their planned appearance, a stipulation of discontinuance, signed by all parties.

12.      The next pretrial conference is scheduled for _____. [**To be filled in by Court after consultation with parties.**]

      This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend must be made in a written application in accordance with the Court's Individual Practices.

Dated: New York, New York

    March 3, 2023

SO ORDERED.

Paul G. Gardephe
United States District Judge